IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DWAYNE SMILEY,

    Plaintiff,
v.                                                       CASE NO. 5:13-cv-323-WS-GRJ

BOBBY LEE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 15, Defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies before filing suit. Plaintiff has filed a response opposing the motion, Doc. 17, and this matter is therefore ripe for decision.

The allegations of the Complaint stem from events that occurred while Plaintiff was confined at Graceville Correctional Facility. Plaintiff alleges that Defendant Bobby Lee, a Unit Manager at Graceville, acted "unprofessionally" and threatened Plaintiff with administrative confinement for filing grievances. Plaintiff alleges that he was placed in administrative confinement after he requested a complaint form on June 12, 2013. As his sole claim for relief, Plaintiff requests that the institution take action to ensure that Defendant's conduct is no longer allowed or tolerated. Doc. 1. According to the DOC online inmate locator, Plaintiff is no longer confined at Graceville and is presently housed at Century CI.

For the following reasons, the Court concludes that Plaintiff did not fail to exhaust administrative remedies regarding his claims against Defendant after his initial

grievance was approved, and therefore the motion to dismiss is due to be denied to that extent.  However, the Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B) (i)-(iii).

As explained below, the record establishes that Plaintiff has been afforded the relief sought in the Complaint, and any claim for additional injunctive relief against Defendant is moot due to Plaintiff's transfer.  The undersigned therefore recommends that this case be dismissed for failure to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

### A. Motion to Dismiss Standard

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional .

. . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### B. Exhaustion Requirement

The Prison Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal

grievance. If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

## DISCUSSION

The Complaint and exhibits reflect that Plaintiff filed an informal grievance against Defendant on June 15, 2013. Doc. 1 p. 13. The informal grievance was approved for further investigation on June 18, 2013. *Id*. Plaintiff's response to the motion to dismiss reflects that he filed additional informal grievances addressing Defendant's conduct, but such grievances were returned without action because they

---

[1] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

*Case No: 5:13-cv-323-WS-GRJ*

were duplicative of his original grievance, which had been approved for further investigation. Doc. 17. Plaintiff also filed a formal grievance that was approved at the institutional level on July 18, 2013, with the recommendation that Plaintiff be removed from administrative confinement. Doc. 1 at 16. Plaintiff filed a grievance appeal to the Secretary but it was returned without action on August 12, 2013, because Plaintiff's institutional grievance had been approved. Doc. 1 at 12. The Secretary's response to Plaintiff's grievance appeal instructed that if he did "not agree with the action taken as a result by the institution, [Plaintiff] should re-submit [his] complaint indicating same, and initiating (sic) it at the informal level." Doc. 1 at 12. Plaintiff was afforded an additional 15 days to resubmit a grievance addressing any deficiencies in the institution's handling of the matter. *Id*.

Defendant's motion asserts that Plaintiff failed to exhaust administrative remedies because he did not challenge the action taken by the institution in response to his approved grievance after his grievance appeal was returned. The affidavit of Ashley Stokes, a DOC Operations Analyst, reflects that after Plaintiff's grievance appeal was returned without action, Plaintiff submitted no further grievance appeals. Doc. 15-1.

When a grievance is approved, an inmate is not required to file an appeal to the Secretary. *See* F.A.C. § 33-103.006(7) (providing that the response must inform the grievant of the right to appeal "if the grievance is *denied*.") (emphasis supplied). Thus, the Court does not agree with the Secretary that the return of Plaintiff's grievance appeal and the absence of further appeals means that Plaintiff failed to exhaust administrative remedies. On this record, the Court concludes that there was nothing further for Plaintiff to do to exhaust his claim that Defendant threatened him with

administrative confinement for filing grievances.

The record establishes that through the administrative grievance procedure, the DOC granted Plaintiff the relief he sought. Plaintiff has made no allegation in this case that he has been subjected to similar conduct at Century CI. The only relief sought by Plaintiff in this case is in the nature of declaratory and injunctive relief addressing Defendant Lee's conduct. Because Plaintiff is no longer confined at Graceville, he is not subject to the alleged conduct by Lee that was the basis of his administrative grievances. Therefore, this case is due to be dismissed because the Court cannot give Plaintiff any effective relief. *See Daughtry v. Morgan* 2012 WL 6086879, *2 (M.D.Fla. 2012) (unpublished) (dismissing complaint for failure to state a claim upon which relief may be granted because Plaintiff had succeeded in overturning disciplinary report during administrative remedy process, and claims for compensatory and punitive damages were barred by 42 U.S.C § 1997e(e)).

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss for failure to exhaust administrative remedies, Doc. 15, be **DENIED.** It is further recommended that this case should be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

**IN CHAMBERS** this 7th day of November 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**